Filed 12/20/21  In re A.J. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| IN RE A.J., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B311288 (Super. Ct. No. FJ57240) (Los Angeles County) |
| _____ | |
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>A.J.,<br><br>    Defendant and Appellant. | |

A.J. appeals the juvenile court's order sustaining a wardship petition charging him with assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4); Welf. & Inst. Code, § 602).  The court declared the offense a misdemeanor and placed appellant on six months of probation. Appellant contends the court committed reversible error in

declining to admit evidence of two videos purporting to show the assault victim engaging in prior fights. We affirm.

**STATEMENT OF FACTS**

On March 2, 2020, appellant and A.M. were students at Fairfax High School. Appellant and several other boys approached A.M. and asked him where he was from. Appellant replied that his parents were from Mexico and denied any gang affiliation. Appellant and his companions searched A.M. and his backpack, then left after a security guard saw them.

The next day, A.M. was walking to class with a friend when they were approached by I.S., who had recently mocked and ridiculed appellant's hairstyle. I.S. said a friend had told him that appellant wanted to fight him, and appellant denied that he wanted to do so. A.M. started to turn around and felt a hard punch to the back of his head. His vision went blurry but he was able to see that appellant was his assailant. Appellant, who is taller and bigger than A.M., repeatedly punched A.M. in the face, arms, and hands and "kneed" his lower body.

A five-second cellphone video depicting part of the assault was played during the adjudication hearing. A.M., who presented the video to the court, that testified he never hit appellant back and "did not get up until I saw his friends pull him off of me." A.M. also denied that he had or displayed a knife or other weapon during the altercation. He admitted that he had previously started two fights in school. While in middle school, he intervened to protect a female friend who was being inappropriately touched by a male classmate. In high school, he got into a fight after he was "cornered" and "asked to fight" by a group of students who "follow[ed him] every single day."

2

I.S. testified that prior to the incident A.M. had given I.S. and appellant "an intimidating look" and pointed a knife at appellant. I.S. testified, however, that he never told the police or anyone else that A.M. had a knife. According to I.S., someone told him that A.M. wanted to fight him. I.S., accompanied by appellant, saw A.M. and told him "I want no problems." A.M. "kneed" appellant. Following a brief conversation, appellant hit A.M. in the arm, A.M. hit appellant in the collarbone and the fight ensued. I.S. acknowledged telling the police that appellant had "sucker punched" A.M. from behind and that A.M. was unable to defend himself, but claimed that this was untrue and that his statement to the police had been coerced by school officials.

Appellant testified in his own defense. Appellant asserted that prior to the incident A.M. had walked toward him and I.S., lifted his shirt, and displayed a knife. A.M. then came close to appellant and kneed him in the thigh. Appellant responded by repeatedly punching A.M. because A.M. "could have hurt [him] with the knife." Appellant offered that he did not tell the police that A.M. had a knife because they never asked, but claimed he told the dean at his high school.

Los Angeles County School Police Officer Enrique Ochoa testified on rebuttal. When appellant was interviewed after the incident, he acknowledged that he started the altercation by approaching A.M. and pushing him. Appellant said he did so because he "heard rumors that [A.M.] had brought a knife to school . . . and wanted to use it against him." Neither appellant nor I.S. claimed that they actually saw A.M. in possession of a knife.

3

Appellant contends the juvenile court erred in excluding cellphone videos of victim A.M. purportedly engaging in two prior fights at school. A.M. testified that the first fight occurred in middle school, when he intervened to protect a female friend who was being inappropriately touched. The second fight occurred in high school after A.M. was "cornered" and "asked to fight" by a group of students who "follow[ed him] every single day." Appellant asserts that the videos, which are not included in the record on appeal, were admissible under Evidence Code sections 1103 and 352 and that their erroneous exclusion cannot be deemed harmless.

We agree with the People that appellant's contention is forfeited. "'Before an appellate court can knowledgeably rule upon an evidentiary issue presented, it must have an adequate record before it to determine if an error was made.'" (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1176.) Because appellant did not move the court to mark the videos as exhibits for identification or otherwise ensure that the videos were included in the record on appeal, he cannot establish that the court prejudicially erred in excluding the videos. (*Ibid.*; accord, *People v. Chubbuck* (2019) 43 Cal.App.5th 1, 12.)

In any event, appellant's claim lacks merit. Appellant offered the subject videos under Evidence Code section 1103 to prove A.M.'s bad character.[1] The juvenile court correctly found

---

[1] Evidence Code section 1103 states in pertinent part: "(a) In a criminal action, evidence of the character or trait of character (in the form of an opinion, evidence of reputation, evidence of specific instances of conduct) of the victim of the

4

that appellant's trial counsel had failed to establish the relevance of the proffered videos. In his offer of proof, defense counsel did not claim that either video showed how the prior fights had started. The People aptly note that if the videos "merely showed [A.M.] in the midst of fights . . . without demonstrating who started the fights, then the videos would have no probative value. It would have been irrelevant that [A.M.] reasonably defended himself in prior fights after bullies attacked him, and it would have been irrelevant if [A.M.] reasonably defended another person from sexual assault." Accordingly, the court did not abuse its discretion in deeming the evidence irrelevant and thus inadmissible under Evidence Code section 1103.

The court also acted well within its discretion in excluding the videos under Evidence Code section 352, which provides that otherwise relevant evidence may be excluded when its probative value is substantially outweighed by concerns of undue prejudice, confusion, or consumption of time. A court abuses its discretion in this regard only when its ruling falls outside the bounds of reason and thus results in a miscarriage of justice. (*People v. Fuiava* (2012) 53 Cal.4th 622, 663.) Appellant makes no such showing here. To the extent he complains the juvenile court did not actually view the videos, "the court was entitled to rely on counsel's description of the [videos] and was not required to personally view the [videos] before ruling." (*People v. Edwards* (2013) 57 Cal.4th 658, 744.) Appellant's claim that the ruling

crime for which the defendant is being prosecuted is not made inadmissible by Section 1101 if the evidence is: [¶] (1) Offered by the defendant to prove conduct of the victim in conformity with the character or trait of character."

amounts to a violation of his right to present a defense was not raised below is forfeited and in any event lacks merit.

It is also clear that any error in excluding the videos was harmless. Appellant was charged with committing an assault by means of force likely to produce great bodily injury in violation of Penal Code section 245, subdivision (a)(4). Appellant asserts that the excluded videos supported his claim that he acted in self-defense and thus did not commit an assault. But the doctrine of self-defense does not apply in this context to an individual, like appellant, who initiates a physical fight or engages in mutual combat. (*People v. Jackson* (2014) 58 Cal.4th 724, 760-761; see CALCRIM No. 3471.) Appellant admitted to the police that he initiated the physical altercation by pushing A.M., and his subsequent efforts to recant that admission were not credible. Any error in excluding the proffered videos of A.M. engaging in prior fights was thus harmless regardless of the standard of review.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


YEGAN, Acting P.J.


TANGEMAN, J.

6

William A. Crowfoot, Judge
Superior Court County of Los Angeles
_____

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Michael Katz, Deputy Attorney General, for Plaintiff and Respondent.